■ In the Matter of CENTER GREEN, INC., Appellant, v ANTHONY J. PALUMBO, Respondent. (Appeal No. 1.) [715 NYS2d 264] —Order unanimously affirmed with costs. Memorandum: Petitioner commenced this summary eviction proceeding against respondent in City Court contending that respondent had not timely tendered the November rent payment. The court granted that part of respondent's motion seeking summary judgment dismissing the proceeding on the ground that, pursuant to the express terms of the lease, a default does not occur unless the lessee fails to tender the rent payment within 15 days of its due date and, here, respondent tendered the rent payment within that 15-day period. The court, however, denied respondent's motion insofar as it sought attorney's fees, costs and disbursements pursuant to paragraph 48.2 of the lease. After the court rendered its decision, respondent tendered a check for the amount of the November rent payment, which petitioner accepted and deposited without reservation or qualification. Thereafter, respondent appealed to County Court from that portion of the judgment denominated an order (*see, Pigler v Adam, Meldrum & Anderson Co.,* 195 AD2d 1011) that denied his motion for attorney's fees, costs and disbursements, and petitioner cross-appealed from the judgment.

County Court properly granted respondent's motion to dismiss the cross appeal. By accepting the benefits of the judgment, petitioner waived its right to appeal from it (*see, Kriesel v May Dept. Stores Co.,* 261 AD2d 837, 837-838; *Reynolds v County of Onondaga,* 149 AD2d 986, *lv denied* 74 NY2d 608). The court also properly modified the judgment of City Court by granting that part of respondent's motion seeking attorney's fees, costs and disbursements. Paragraph 48.2 of the lease agreement provides that the lessee may recover reasonable attorney's fees, costs and disbursements from the lessor in the event that the lessee brings a legal action to compel the lessor to perform "covenants and conditions" that the lessor is obligated to perform under the lease. Here, petitioner lessor improperly commenced a legal proceeding and respondent lessee was compelled to incur expenses in defending that proceeding and moving for summary judgment dismissing it. We agree with County Court that, under those circumstances, the provisions of paragraph 48.2 were triggered. (Appeal from Order of Oneida County Court, Dwyer, J.—RPAPL.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.

■ In the Matter of CENTER GREEN, INC., Appellant, v ANTHONY J. PALUMBO, Respondent. (Appeal No. 2.) [715 NYS2d 684] —Order unanimously affirmed with costs. Same Memorandum

as in *Matter of Center Green v Palumbo* (277 AD2d 922 [decided herewith]). (Appeal from Order of Oneida County Court, Dwyer, J.—Counsel Fees.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.

■ In the Matter of STANLEY D. KRASZEWSKI, III, an Infant, by His Parent and Natural Guardian, KIM L. KRASZEWSKI, et al., Respondents, v MOHAWK CENTRAL SCHOOL DISTRICT, Appellant. [715 NYS2d 357] —Order unanimously affirmed with costs. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by their eight-year-old son during a pee wee wrestling practice. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Assuming, arguendo, that defendant met its initial burden on the motion, we conclude that the proof submitted by plaintiffs raises a triable issue of fact whether defendant possessed a sufficient degree of control over the pee wee wrestling program and its coaches to be charged with a duty of care to plaintiffs' son (*see, Hores v Sargent,* 230 AD2d 712; *see also, Alessi v Boys Scouts of Am. Greater Niagara Frontier Council,* 247 AD2d 824, 825). We further conclude that plaintiffs' submissions raise triable issues of fact whether plaintiffs' son assumed the risk of injury by participating in the pee wee wrestling program (*see, Utkin v Rademacher,* 261 AD2d 840, *lv dismissed* 94 NY2d 796; *Taylor v Massapequa Intl. Little League,* 261 AD2d 396, 397) and whether the coaches exercised reasonable care in providing instruction and supervision to the wrestlers (*see, Merkley v Palmyra-Macedon Cent. School Dist.,* 130 AD2d 937, 938-939; *Lorenzo v Monroe Community Coll.,* 72 AD2d 945, 946). (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.

■ ELAINE M. JOHNSON, Appellant, v ROBERT P. JOHNSON, Respondent. [715 NYS2d 561] —Order and supplemental judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff commenced an action for divorce in 1991. Following the trial in 1994, Supreme Court granted plaintiff a divorce, awarded plaintiff custody of the parties' minor child and distributed the property. We modified the judgment upon plaintiff's appeal therefrom by vacating the decretal paragraphs determining the respective rights of the parties in the property and awarding child support (*Johnson v Johnson,* 227 AD2d 948, 949). We remitted the matter to Supreme Court " 'for ap-